Reith v. United States

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of November, two thousand twelve.

PRESENT:
>    DENNIS JACOBS,
>    > _Chief Judge_,
>    JON O. NEWMAN,
>    REENA RAGGI,
>    > _Circuit Judges_.

_____

Frank H. Reith,

> _Plaintiff-Appellant_,

v.                                              11-4103

United States of America,

> _Defendant-Appellee_.

_____


FOR APPELLANT:              George Henry Sallaway,
                            Fayetteville, New York.

**FOR APPELLEE:**          Paula Ryan Conan, Assistant
                          United States Attorney,
                          Syracuse, New York.


     Appeal from a judgment of the United States District Court for the Northern District of New York (McCurn, <u>J.</u>; Peebles, <u>M.J.</u>).

     **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

     Appellant Frank H. Reith appeals from the district court's grant of summary judgment in favor of the Government, dismissing his complaint brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 <u>et seq.</u> We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

     This Court reviews orders granting summary judgment *de novo* and focuses on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. <u>See</u> <u>Miller v. Wolpoff & Abramson, L.L.P.</u>, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, the Court is required to resolve all ambiguities and draw all permissible inferences in favor of the non-moving party. <u>See</u> <u>Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.</u>, 182 F.3d 157, 160 (2d Cir. 1999) (citing <u>Cronin v. Aetna Life Ins. Co.</u>, 46 F.3d 196, 202 (2d Cir. 1995)). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

     After an independent review of the record and relevant case law, we conclude that the district court properly dismissed Reith's complaint for substantially the same reasons articulated by the district court in its well-reasoned decision.

We have considered Appellant's arguments on appeal and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK